George W. Draper III, Judge,
dissenting.
Missouri courts have heretofore adhered to a system of progressive discipline. In re Forck, 418 S.W.3d 437, 444 (Mo. banc 2014). This system was not established to punish attorneys for their actions, but rather, is designed to protect the public and maintain the integrity of the legal profession. In re Stewart, 342 S.W.3d 307, 308 (Mo, banc 2011). The' principal opinion abandons these principles in that it seeks' to punish Eric Alexander Farris (hereinafter, “Farris”). It further abandons this Court’s duty to protect the public in that by disbarring Farris, the Court loses all authority and influence over him to seek restitution for the clients affected in this case. Accordingly, and as set forth in this separate opinion, I would accept the Disciplinary Hearing Panel’s. (hereinafter, “DHP”) findings of misconduct, but I would impose a greater discipline than the DHP recommended. I believe Farris should be suspended indefinitely from the practice of law with no leave to reapply for two years. Further, I would' order that Farris must make complete restitution to the two clients harmed by his actions before he may apply for reinstatement.
Farris’ Conduct
Based on the record made by the DHP and before- this Court, Farris committed multiple violations of the rules of professional conduct. The principal, opinion’s tone paints Farris in a more negative light than the DHP did. For example, the principal opinion consistently refers to times, in which it believes Farris lied. Yet, following its hearing, the DHP found that it was “not impressed with .the explanations offered by [Farris], and finds his testimony generally questionable and often bordering on disingenuous.” Consistent with the DHP’s findings, I would find Farris committed the following violations in relation to ■ two clients,' Client A (hereinafter, “Client A”) and Client B (hereinafter, “Client B”):

Violation of Rule í-l.Jp

Rule 4-1.4 requires a lawyer to keep a client reasonably informed about the status of a matter and to comply promptly with reasonable requests for information. *569 Client A made multiple telephone calls and requests for information from Farris. Farris failed to return her telephone calls promptly and did not comply with her requests for information.'

Violation of Bule 4-8.4-

Rule 4-8.4(e) specifies that it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation. Farris provided excuses at the hearing as to his accounting for Client A’s missing funds; he was never able to explain to whom or why the funds were actually distributed. Far-ris presented a- check made payable to Skaggs Hospital, but that check was never delivered nor presented for payment. Additionally, there appears there was no attempt to negotiate with Client B’s medical providers. Any funds owed to those medical providers or to. Client B disappeared from the trust account .without an accounting. ■ -

Violation of Rule 4-8-1

Rule 4-8.1(c) provides that in connection with a disciplinary matter, a lawyer shall not “knowingly fail to respond to a lawful demand for information from [a] disciplinary authority....” Here, the OCDC requested a complete copy of Farris’ expense receipts and communication with Skaggs and Client B’s medical providers. Farris was also asked to provide documentation from his files. Farris violated this rule by failing to comply with these requests.

Violations of Rule 4-1.15

Farris committed multiple violations of Rule 4-1.15. Rule 4-1.15 requires that a lawyer must safely keep the property of the client. Here,. Farris misappropriated client funds from Client A and Client. B. There were multiple transfers of funds from Farris’ trust account to his operating account, from which those funds were used for personal or non-business matters. Farris also transferred funds from the trust account to another account he owned without any designation attributing the transfer to any particular client,. file or billing. Farris improperly paid credit card “merchant service fees” from the trust account without proper, reimbursement.
Rule 4-1.15(d) provides that a lawyer is required to maintain and preserve complete client records of the client trust account for five years after the termination of the representation or the date of the last disbursement of funds, whichever event is later. Farris failed to maintain complete records of the .funds" that Client A and Client B were entitled to receive. Farris was unable to provide an explanation for the withdrawals' from his trust account as required by this rule.
Rule 4 — 1.15(i) provides that once receiving funds, in which a client or a -third person has an interest, a lawyer shall promptly deliver--the funds to the party who is entitled to receive them and render a full accounting. Farris , failed to deliver funds to either Client A, Client B, or Skaggs. Farris could not account for the money that was due to Client A, Client ;B, or Skaggs.
Further, had there* not been an investigation into Client A’s representation, the missing funds fi’om Client B’s settlement would not have been discovered. Farris should have retained, a portion of'-Client B’s settlement proceeds to negotiate and pay the outstanding medical bills and then pay Client B any ■ remainder. However, Farris failed to do so. .
Rule 4-1.15(m) provides that a lawyer shall securely store a client’s file for ten years after completion of representation. Farris was unable to locate these files, , and he was unable to explain why the files could not-be located.

*570
Appropriate Discipline

Misappropriation of client funds is one of the most serious types of attorney misconduct. In re Belz, 258 S.W.3d 38, 42 (Mo. banc 2008). While disbarment is most often the appropriate discipline, there is no automatic disbarment rule. Id. “To disbar an attorney, it must be. clear that the attorney is not fit to continue in the profession; disbarment is reserved only for clear cases of severe misconduct.” In re Mirabile, 975 S.W.2d 936, 939 (Mo. banc 1998). “This Court relies on the ABA Standards when imposing sanctions to achieve the goals of attorney discipline.” In re Coleman, 295 S.W.3d 857, 869 (Mo. banc 2009).[1]
It is this Court’s duty to determine what discipline is appropriate to impose for these violations by reviewing similar past cases, the disciplinary rules, and the applicable ABA standards. In re Stewart, 342 S.W.3d 307, 310 (Mo. banc 2011). This Court notes that generally when considering what sanction to impose, this Court considers four factors:
(a) the duty violated;
(b) the lawyer’s mental state;
(c) the potential or actual injury caused by the lawyer’s misconduct; and
(d) the existence of aggravating or mitigating factors.
ABA Standard 3.0 (2013 Ed.) When this Court finds an attorney has committed multiple acts of misconduct, “the ultimate sanction imposed should at least be consistent with the sanction for the most serious instance of misconduct among the violations.” Coleman, 295 S.W.3d at 870 (internal citations omitted). Farris’ most egregious act of misconduct is his mishandling of client funds in his trust account.
Turning to the ABA Standards, this Court first examines the recommended range of discipline for a failure to preserve client property. “Disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client.” ABA Standard 4.11. “Suspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client.” ABA Standard 4.12. “Knowledge” is defined as “the conscious awareness of the nature of attendant circumstances of the conduct but without the conscious objective or purpose to accomplish a particular result.” ABA, 2013 Ed., Compendium of Professional Responsibility: Rules and Standards at 452.
Farris’ misconduct did not arise out of an intentional choice to violate the rules of professional conduct and to take advantage of his clients. The record reflects that Farris attempted to retain some of his clients’ settlement proceeds and stated he would attempt to negotiate down medical bills his clients owed in hopes of providing them a greater monetary recovery. However, at the same time, Farris was plagued with his own personal health issues and negligently entrusted some of the running of his legal office to his former wife, with whom he had built a family and maintained a trusted relationship. Farris demonstrated a concern to help his clients reduce their medical bills and, thereby, increase their settlement recovery.
Once misconduct is established, this Court may consider aggravating and mitigating circumstances when deciding what sanction to impose. ABA Standard 9.1. I believe the record contains evidence of both circumstances.
*571 With respect to aggravating circumstances, Farris committed multiple rule violations in connection with his representation of both Client A and Client B. Farris does not acknowledge fully the misconduct he has committed; rather, he assigns all of the blame to his former wife. Farris is an experienced attorney with substantial experience in the practice • of law. ABA Standard 9.22(a), (c), (d), (g), and (i).
However, I disagree with the principal opinion’s characterization of Farris’ prior admonishment from 1998 as disciplinary history and an additional aggravating factor. An admonishment may be issued by the OCDC or the regional disciplinary committee upon a finding of probable cause without any action by this Court and without an actual hearing on or finding of misconduct. See Rules 5.11 and 5.16. Accordingly, Farris’ admonishmént should not be considered an aggravating factor.
With respect to mitigating circumstances, at the time of these charges, Far-ris suffered from serious health issues and the deterioration of his marriage. Farris represented to this Court his concern for his clients and his desire to return all funds to them. Farris reported his former wife’s conduct, and she is being prosecuted criminally. Farris has been an active member of the Bar and his community; many people think well of him. ABA Standard 9.32(c), (d), (g), (Z), and (m).
The principal opinion believes that this Court should not consider the actions of Farris’ former wife in determining his appropriate punishment, that “if an attorney relies on a non-lawyer in fulfilling this duty, the attorney bears the risk of the other’s nonperformance.” Principal Op. 19 (citing Matter of Williams, 711 S.W.2d 518, 520 (Mo. banc 1986)). However, in Williams, this Court also found that an attorney’s reliance upon his wife may be considered a mitigating circumstance in certain instances. Id. at 520.
Farris knew or should have known by mid-November 2011 that something was wrong with the bookkeeping in his accounts, but there was no evidence presented that he knew his former wife was making transactions to the detriment of his clients. Farris did not supervise his former wife properly; Farris was negligent in his supervision. Farris’ actions did not rise to the level of culpability of the attorney in Williams who knowingly allowed his wife to continue maintaining his trust account. See.id- at 520-21. Farris should have known that relying on his former wife’s statements regarding the status of client funds or of the trust account was inappropriate. Further, Farris and his former wife dissolved their marriage acrimoniously, and Farris instigated a criminal investigation against his former wife.' While Farris did not intend to violate the rules of professional conduct, he should have known of the improper transfers from his trust account and the mishandling of client funds. See ABA Standard 4.12. Disbarment is not appropriate in this case because there is not a preponderance of evidence in the record demonstrating Far-ris knowingly converted his clients’ property. See ABA Standard 4.11.
Conclusion
There must be significant discipline to maintain the public’s trust and. protect the integrity of the legal system; - accordingly, Farris’ request for probation is not appropriate. I would hold that Farris should be suspended indefinitely from the practice of law with no leave to reapply for two years. Further, I would order that Farrjs must make complete restitution to the two clients harmed by his actions before he may apply for reinstatement.

. This Court recognizes that the ABA Standards are used for guidance in imposing attorney discipline, and the most recent ABA Standards were published in 2013. See In re Ehler, 319 S.W.3d 442, 451 (Mo. banc 2010).